UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

-----------------------------------------------------------------

**JOE HAND PROMOTIONS, INC.,**
as Broadcast Licensee of the **May 24, 2008,**
**UFC #84** Program,                                                    **COMPLAINT**

               Plaintiff,                                   Civil Action No.

     -against-

EDWIN THOMAS REID, Individually and as
officer, director, shareholder and/or principal of
CRIPPLE CREEK INVESTMENTS, L.L.C., d/b/a
COOLERS ICE HOUSE, and CRIPPLE CREEK
INVESTMENTS, L.L.C., d/b/a COOLERS ICE
HOUSE,

               Defendants.

-------------------------------------------------------

      Plaintiff, **JOE HAND PROMOTIONS, INC.** (hereinafter referred to as "Plaintiff"), by its

attorneys, LONSTEIN LAW OFFICE, P.C., complaining of Defendants herein, respectfully sets

forth and alleges, upon information and belief, as follows:

**JURISDICTION AND VENUE**

    1.  This action is brought pursuant to 47 U.S.C. §§ 553 and 605.

    2.  This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §

1331, which states that the district courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws or treaties of the United States.

-1-

3.   Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 98(c) because, *inter alia,* all Defendants reside within the State of Louisiana.

4.   This Court has personal jurisdiction over the parties in this action as a result of Defendants' wrongful acts, complained of herein, which violated Plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length.  Defendants' wrongful acts consisted of the interception or tortious conversion of Plaintiff's property, while said property was in Plaintiff's the control in the State of Louisiana.

## THE PARTIES

5.   Plaintiff is a Pennsylvania Corporation with its principal place of business located at 407 East Pennsylvania Boulevard, Feasterville, Pennsylvania 19053.

6.   Upon information and belief, Defendant, EDWIN THOMAS REID, resides at 177 Winding Creek, Lake Charles, LA 70611.

7.   Upon information and belief, Defendant, EDWIN THOMAS REID, is an officer, director, shareholder and/or principal of CRIPPLE CREEK INVESTMENTS, L.L.C., doing business as COOLERS ICE.

8.   Upon information and belief, Defendant, EDWIN THOMAS REID, was the individual with supervisory capacity and control over the activities occurring within the establishment on May 24, 2008.

9.   Upon information and belief, Defendant, EDWIN THOMAS REID, received a financial benefit from the operations of CRIPPLE CREEK INVESTMENTS, L.L.C., d/b/a COOLERS ICE

HOUSE, on May 24, 2008.

10. Upon information and belief, Defendant,  CRIPPLE CREEK INVESTMENTS, L.L.C., d/b/a COOLERS ICE HOUSE, is a business entity, the exact nature of which is unknown, having its principal place of  business at 3622 1/2 Ryan Street, Lake Charles, LA   70605, and having a registered agent for Cripple Creek Investments, L.L.C., of John J. Van Norman located at 1800 Ryan Street, Suite 107, Lake Charles, LA 70601.

11.  Upon information and belief, Defendant, CRIPPLE CREEK INVESTMENTS, L.L.C., d/b/a COOLERS ICE HOUSE, is a Domestic Corporation, incorporated and licensed to do business in the State of Louisiana.

12.  Upon information and belief, Defendant, CRIPPLE CREEK INVESTMENTS, L.L.C., d/b/a COOLERS ICE HOUSE, is a partnership licensed to do business in the State of Louisiana.

13. Upon information and belief, Defendant, CRIPPLE CREEK INVESTMENTS, L.L.C., d/b/a COOLERS ICE HOUSE, is a sole proprietorship licensed to do business in the State of Louisiana.

### COUNT I

14.  Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "13," inclusive, as though set forth herein at length.

15.  By contract, Plaintiff was granted the right to distribute the **UFC #84** program, including all undercard bouts and the entire television broadcast, scheduled for **May 24, 2008** (hereinafter referred to as the "Program"), via closed circuit television and encrypted satellite signal.  The Program originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

-3-

16.   Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities in the State of Louisiana, allowing them to publicly exhibit the Program to their patrons.

17.   In consideration of the aforementioned agreements, Plaintiff expended substantial monies to transmit the Program to those entities in the State of Louisiana.

18.   Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, Defendants and/or their agents, servants, workmen and/or employees unlawfully intercepted, received and/or de-scrambled said satellite signal, and did exhibit the Program at the above-captioned address and/or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

19.   Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing programing, including, (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business.   In addition, emerging technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling programing from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential

-4-

broadcasting feeds through the internet from anywhere in the world. Each of these methods would allow Defendants to access programming unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendants obtained the programing.  However, it is logical to conclude that Defendants either used an illegal satellite receiver, misrepresented their business establishment as a residence or engaged in "mirroring" by taking a legitimate receiver from their home to their business establishment in order to  intercept  Plaintiff's broadcast.

20. The unauthorized reception and publication or use of communications such as the transmission herein, to which Plaintiff held the distribution rights, is prohibited by 47 U.S.C. § 605(a).

21.  By reason of the aforementioned conduct, Defendants herein willfully violated  47 U.S.C. § 605(a).

22.  By reason of Defendants' violation of 47 U.S.C. § 605(a), Plaintiff has a private right of action pursuant to 47 U.S.C. § 605.

23.  As a result of Defendants' willful violation of 47 U.S.C. § 605 (a), Plaintiff is entitled to damages in the discretion of this Court, under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii), of up to $110,000.00 as to each Defendant herein.

24.  Pursuant to 47 U.S.C. § 605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.


## COUNT II

25.  Plaintiff hereby incorporates paragraphs "1" through "24," inclusive, as though fully set forth herein at length.

26.   Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, Defendants and/or their agents, servants, workmen and/or employees did exhibit the Program at the above-captioned address or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

27.  The unauthorized reception, interception and exhibition of any communications service offered over a cable system, such as the transmission herein, to which Plaintiff had the distribution rights, is prohibited by 47 U.S.C. § 553.

28.  Upon information and belief, Defendants individually, willfully and illegally intercepted said Program when they was distributed and shown by cable television systems.

29.   By reason of the aforementioned conduct, Defendants herein willfully violated 47 U.S.C. § 553, thereby giving rise to a private right of action.

30.  As a result of Defendants' violation of 47 U.S.C. § 553, Plaintiff is entitled to damages in an amount in the discretion of this Court, of up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

31.  Without further discovery and/or admission from Defendants, Plaintiff cannot determine if Defendants intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. § 553, or via a satellite transmission, in violation of 47 U.S.C. § 605.  As such, Plaintiff is alleging two (2) counts in its Complaint, alleging that Defendants violated 47 U.S.C. § 553 and 47 U.S.C. § 605. However, Plaintiff recognizes that Defendants can only be liable for only one (1) of these statutes.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against each Defendant herein, granting to Plaintiff the following:

(a) A finding that each Defendant's unauthorized exhibition of the **May 24, 2008, UFC #84 Program** violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain**.**

(b)   On the first cause of action, statutory penalties  in an amount,  in the discretion of this Court, of up to $110,000.00 as to each Defendant for its willful violation of 47 U.S.C. § 605(a);

(c) On the third cause of action, statutory penalties in an amount,  in the discretion of this Court, of up to $60,000.00 as to each Defendant for its violation of 47 U.S.C. § 553;

(d) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and § 553(c)(2)(C),  together with such other and further relief as this Court may deem just and proper.

Dated:  May 14, 2009
        Ellenville, New York

**JOE HAND PROMOTIONS, INC.**

By: s/Julie Cohen Lonstein
        JULIE COHEN LONSTEIN, ESQ.
         Attorney for Plaintiff
        LONSTEIN LAW OFFICE, P.C.
        Office and P.O. Address
         1 Terrace Hill : P.O. Box 351
         Ellenville, NY  12428
         Telephone:  (845) 647-8500
         Facsimile:   (845) 647-6277
         Email: Info@signallaw.com
         *Our File No.  08-9LA-W01V*

s/Cade R. Cole
Cade R. Cole, Esq.
Bar Roll # 31668
David L. Sigler & Associates
630 Kirby Street
Lake Charles, LA   70601
Telephone: (337) 439-2033
Facsimile: (337) 439-7837
Email: crcole@sigerlaw.com